# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:06-mj-00460-PAL-PAL |
| Plaintiff, ) | **REPORT OF** |
| vs. ) | **FINDINGS AND RECOMMENDATION** |
| CHRISTOPHER M. CRAIG, ) | **AND ORDER** |
| Defendant. ) | (M/Return of Property - #7) (M/Summary Judgment - #8) |

Before the court is defendant Christopher M. Craig's Motion for Return of Seized Property (#7) and Motion for Summary Judgment (#8). In a prior Order (#9), the court granted Craig's application to proceed *in forma pauperis* and directed that the United States file a response to his motions. The government timely filed a Response (#10) requesting that the court dismiss the motion for return of property or, in the alternative, transfer it to the Eastern District of California where criminal prosecution of Craig occurred. This matter was referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

## BACKGROUND

Craig was arrested in the District of Nevada on a warrant arising out of an indictment returned against him in the United States District Court for the Eastern District of California charging him with violations of 18 U.S.C. § 1334 (bank fraud) and 18 U.S.C. § 1014 (false statement on a loan application). He made an initial appearance on July 10, 2006 before the undersigned Magistrate Judge pursuant to Rule 5 of the Federal Rules of Criminal Procedure, waived his right to have an identity hearing, and was ordered committed to the Eastern District of California. (See Minutes (#1) and Commitment Order (#3).) The court also conducted a detention hearing, and ordered Craig detained pending removal to the charging district. (See Order of Detention (#2).)

1    The Motion for Return of Seized Property (#7) seeks the return of a 2005 Hummer vehicle and
2 "night vision option" which Craig asserts was seized on or about March 16, 2005 "under the pretext of
3 a violation of 18 U.S.C. § 1956 money laundering." Craig asserts the vehicle was illegally seized at
4 644 Backbone Mountain Drive in Henderson, Nevada, and seeks its return pursuant to Fed. R. Crim. P.
5 41(g) & (e). His Motion for Summary Judgment (#8) asks for a judgment in his favor returning the
6 Hummer vehicle or its replacement value on the grounds he is factually innocent of the money
7 laundering charge, and the vehicle was unlawfully seized.

8    The government's response to the motion for return of property indicates that the Hummer
9 vehicle at issue was seized pursuant to a search warrant issued by United States Magistrate Judge
10 Kimberly J. Mueller of the Eastern District of California on March 25, 2005. The warrant was executed
11 March 28, 2005 in the District of Nevada where Craig was residing at the time. A copy of the seizure
12 warrant, return, application and affidavit for seizure warrant for the Hummer are submitted as
13 Attachment "A" to the government's response.

14    Administrative forfeiture proceedings were initiated which resulted in forfeiture of the vehicle.
15 The declaration of Wanda P. Mackall, Paralegal Specialist for the Forfeiture and Seizure Property Unit,
16 Finance Division of the Federal Bureau of Investigation, was submitted as Attachment "B" in support
17 of the government's opposition. In it, Ms. Mackall avers that the Hummer seized pursuant to the
18 warrant from 644 Backbone Mountain, Henderson, Nevada, on March 28, 2005 was declared
19 administratively forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on March 6, 2006.
20 (Declaration, Attachment "B," ¶ 9.) A copy of the declaration of administrative forfeiture is attached to
21 her declaration as an exhibit. Ms. Mackall also attests that letters providing Personal Notice of Seizure
22 and Intent to Forfeit were sent to various individuals and entities, including Craig, on multiple dates on
23 April 13, 2005, August 8, 2005, September 15, 2005, and October 25, 2005. (Id., ¶¶ 3(a)-(l).) The
24 Personal Notice of Seizure and Intent to Forfeit dated April 13, 2005 sent to Christopher Craig at a post
25 office box in Las Vegas was returned marked unclaimed. (Id., ¶ 3(b).) However, a green return receipt
26 card was signed with an illegible signature on April 15, 2005 for the Personal Notice of Seizure and
27 Intent to Forfeit dated April 13, 2005 which was sent to Craig at 644 Backbone Mountain, Henderson,
28 Nevada 89012, which was Craig's last known address and the location at which the Hummer was

seized. (Id., ¶ 3(c).) A green return receipt card was signed with an illegible signature on September 2, 2005, acknowledging receipt of a Personal Notice of Seizure and Intent to Forfeit dated August 8, 2005 sent to Craig at a Las Vegas post office address.

FBI records relating to the seized Hummer at issue in this case reflect that on April 29, 2005, May 6, 2005, and May 13, 2005, public notices of the seizure and intended forfeiture of the Hummer were published, once a week for three successive weeks, in the Wall Street Journal, a newspaper with general circulation, pursuant to 19 U.S.C. § 1607. (Id., ¶ 4.) The certified letters and publication provided written notice of a claimant's option of filing a claim to contest the forfeiture action, and advised the claimants of the penalty for the failure to take timely action. (Id., ¶ 5.) The certified letters and the publication informed the claimants of the opportunity to file a petition for remission or mitigation of the forfeiture with the FBI. (Id.) The certified letters and publication also indicated a mitigation petition should be filed with the FBI within thirty days of receipt of notice. (Id.) Carol Flanery filed a Victim Petition for Remission or Mitigation with the FBI on November 18, 2005 which the FBI denied. (Id., ¶ 7(a).) Washington Mutual Bank also filed a Victim Petition for Remission or Mitigation with the FBI which the FBI granted. (Id., ¶ 7(b).) The vehicle was sold by the United States Marshals Service on February 28, 2007, and the U.S. Marshals Service issued a payment of $16,677.02 to Washington Mutual Bank on or about April 3, 2007. (Id.)

## FINDINGS

The court finds that the government's motion establishes that the vehicle was seized pursuant to a search warrant issued by a United States Magistrate Judge in the Eastern District of California. The court also finds that the vehicle was administratively forfeited by the FBI, sold, and that the proceeds have been paid to the victim, Washington Mutual Bank. The government, therefore, argues that the court should dismiss Craig's motion for return of property pursuant to Fed. R. Crim. P. 41 because Craig did not pursue an adequate remedy at law in administrative forfeiture proceedings which provide the exclusive remedy for seeking relief.

The government has attached the docket sheets from the United States District Court in the Eastern District of California, reflecting that on May 11, 2006, a grand jury indicted Craig and two co-defendants on eighteen counts of bank fraud and false statements. Craig plead guilty July 19, 2007 and

was sentenced to sixty-three months imprisonment. Despite Craig's claims in the current motions, the court finds the seizure warrant which authorized the seizure of the Hummer was based on violations of 18 U.S.C. § 1014 (false statement on bank loan application) and § 1344 (bank fraud), not money laundering charges as Craig's motion alleges. Craig does not and never has claimed that he did not receive notice of the administrative forfeiture proceedings which followed the judicially authorized seizure of the Hummer.

The government requests that the court dismiss Craig's motion for return of property, and decline to exercise jurisdiction over the matter. However, if the court is not inclined to dismiss the motion, the government asks, in the alternative, that Craig's motions be transferred to the Eastern District of California where the seizure warrant originated and where the criminal prosecution took place pursuant to 28 U.S.C. § 1404(a) and 18 U.S.C. § 981(b)(3). The government asserts the Eastern District of California is the appropriate forum for litigating Craig's motion because it is the district in which the seizure warrant was issued and where this complex multi-defendant multi-count indictment was brought. The presiding District Judge is familiar with the underlying facts and procedural history of this case, and the restitution order entered in the California action. Thus, the Eastern District of California is the logical forum for deciding Craig's motions to maintain continuity and consistency in the resolution of this criminal prosecution.

## ANALYSIS

Summary judgment under Fed. R. Crim. P. 56 is proper, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment is a matter of law." Craig's motion for summary judgment does not comply with this standard, and the court will, therefore, recommend that his motion for summary judgment be denied.

Craig filed his motion for return of property and motion for summary judgment on October 19, 2007, almost four months after he was sentenced in the criminal case filed against him in the Eastern District of California. (See criminal docket for case 2:06-cr-00200-MCA, submitted as Attachment "C" to the government's response.) He was sentenced July 19, 2007 to sixty-three months imprisonment and ordered to pay restitution in the amount of $546,580 jointly and severally with defendant Donald

1 Edgecomb, and $428,895 jointly and severally with defendant Jacob Esteves, for a total of $975,475.
2 (Id., Docket #76.) The judgment and commitment was entered July 31, 2007. (Id., Docket #77.) Thus,
3 these motions were filed long after the underlying criminal prosecution against him was resolved.

4 Motions for return of property that are made when there are no criminal proceedings pending
5 against the movant are treated as civil equitable proceedings. Ramsden v. United States, 2 F.3d 322
6 (9th Cir. 1993). The Court of Appeals reviews the district court's decision to exercise its equitable
7 jurisdiction under Rule 41(g) for abuse of discretion. Id. at 324. The Ninth Circuit directs the district
8 courts to exercise "caution and restraint" in exercising their equitable jurisdiction in a motion for return
9 of property. Ramsden identified four factors to be considered in determining whether to entertain a
10 motion for return of property under Fed. R. Crim. P. 41(g), formerly Rule 41(e). The factors to be
11 considered are: (1) whether the Government has displayed a callous disregard for the constitutional
12 rights of the movant; (2) whether the movant has an individual interest in and need for the property for
13 which return is sought; (3) whether the movant would be irreparably injured by denying the return of
14 property; and (4) whether the movant has an adequate remedy at law for redress of his grievance. Id. at
15 324-25.

16 The declaration of Wanda P. Mackall satisfies the court that the government instituted
17 administrative forfeiture proceedings with respect to the Hummer vehicle at issue, and that the vehicle
18 was declared administratively forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on
19 March 6, 2006. Ms. Mackall's declaration also establishes that notice of seizure and intent to forfeit
20 was sent to Craig. The procedure invoked by the government pursuant to 19 U.S.C. § 1607(a) provided
21 Craig with a procedural opportunity to seek judicial review of the lawfulness of the seizure of his
22 property. Craig does not dispute that he received notice of the seizure or intent to forfeit. He was
23 provided notice and an opportunity to contest the forfeiture proceedings. He had an adequate remedy of
24 law but declined to pursue it. Under these circumstances, the court should decline to exercise its
25 equitable jurisdiction under Rule 41(g). Moreover, Rule 54(b)(5) provides that the Federal Rules of
26 Criminal Procedure "are not applicable to . . . civil forfeiture" proceedings. United States v. United
27 States Currency, $83,310.78, 851 F.2d 1231, 1233 (9th Cir. 1988). The court will, therefore,
28 / / /

1  recommend that the government's request to dismiss Craig's motion for return of seized property be
2  granted.
3        Finally, because Craig appeared before the undersigned Magistrate Judge pursuant to Rule 5 of
4  the Federal Rules of Criminal Procedure on an arrest arising out of an indictment returned in the
5  Eastern District of California, the file was opened as a magistrate judge file and no district judge was
6  assigned. When Craig filed the motion for return of seized property and motion for summary judgment,
7  they were automatically referred to the undersigned for decision pursuant to local practice. The court
8  has recommended that Craig's motion for return of property be dismissed as that Craig's motion for
9  summary judgment be denied. Because both of these motions are matters which a magistrate judge may
10 not finally determine in accordance with 28 U.S.C. § 636(b)(1)(B), assignment of a district judge to
11 make a *de novo* determination of any objection to the recommendations is required.
12       For all the foregoing reasons,
13       **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that
14 Craig's Motion for Return of Seized Property (#7) be DISMISSED, and that Craig's Motion for
15 Summary Judgment (#8) be DENIED.
16       **IT IS ORDERED** the Clerk of the Court shall submit this file to the Chief Judge for
17 assignment of a district judge for *de novo* review of the undersigned's report of findings and
18 recommendation.
19       Dated this 17th day of January, 2008.
20
21                                            _____
22                                            PEGGY A. LEEN
                                           UNITED STATES MAGISTRATE JUDGE
23
24                                             **NOTICE**
25       These findings and recommendations are submitted to the United States District Judge assigned
26 to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served
27 with these findings and recommendations, any party may file written objections with the court.
28 Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and

1  recommendations of a magistrate judge shall file and serve *specific written objections* together with
2  points and authorities in support of those objections, within ten (10) days of the date of service of the
3  findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  The parties are advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d
6  1153 (C.A.9 1991).  The points and authorities filed in support of the specific written objections are
7  subject to the page limitations found in LR 7-4.