1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER M. CRAIG,               )
                                    )
            Plaintiff,              )          2:08-CV-00110-LRH-PAL
                                    )
v.                                  )
                                    )          ORDER
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )
                                    )
_____)

Presently before the court is Plaintiff Christopher M. Craig's "Motion to Amend Judgment

as Objections Were Not Heard" (#13[1]).   Defendant United States of America ("the government")

has filed a response (#23).  Also before the court are Plaintiff's Motion to Strike (#24), the

government's Response (#27), and Plaintiff's Reply (#32), as well as Plaintiff's Motion for

Judgment on the Pleadings (#25), the government's Opposition (#26), and Plaintiff's Reply (#31).

On February 26, 2008, this court adopted and accepted U.S. Magistrate Peggy A Leen's

Report and Recommendation (#11), dismissing Plaintiff's Motion for Return of Seized Property

(#1) and denying Plaintiff's Motion for Summary Judgment (#2).  On March 10, 2008, Plaintiff

filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit (#14).  That

same day, pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff filed the "Motion to Amend

_____

[1] Refers to the court's docket number.

1  Judgment" (#13).  Pursuant to Federal Rule of Appellate Procedure 4(a)(4),[2] on April 23, 2008, the

2  Ninth Circuit Court of Appeals issued an order holding the proceedings before the Court of

3  Appeals in abeyance pending this court's resolution of the pending March 10, 2008, "Motion to

4  Amend Judgment" (#22).

5       "While Rule 59(e) [of the Federal Rules of Civil Procedure] permits a district court to

6  reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used

7  sparingly in the interests of finality and conservation of judicial resources.'"  *Carrol v. Nakatani*,

8  342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  Reconsideration of the district court's initial

9  decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening

10 change in controlling law; or (3) clear error or manifest injustice.  *Carrol*, 342 F.3d at 945; *School*

11 *Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations

12 omitted).  Moreover, the motion must "set forth facts or law of a strongly convincing nature to

13 induce the Court to reverse its prior decision."  *Mutual Life Ins. Co. of New York v. Pointe Tapatio*

14 *Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

15      After fully considering Plaintiff's arguments, the record, and the relevant law, the court

16 finds that Rule 59(e)'s "extraordinary remedy" is not appropriate in this case.  Plaintiff has not

17 offered newly discovered evidence, demonstrated an intervening change in the law, or showed clear

18 error or manifest injustice.  As a result, the court will deny Plaintiff's "Motion to Amend

19 Judgment."[3]

20      Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff has also filed a motion for

21

22      [2] Rule 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters
a judgment—but before it disposes of [a Rule 59] motion—the notice becomes effective to appeal a judgment
23 or order . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P.
4(a)(4)(B)(i).

24      [3] The Court reaches its conclusion independent of the government's reply to Plaintiff's "Motion to
25 Amend Judgment." Thus, the court does not consider or decide whether the government's reply to Plaintiff's
motion was timely, which the parties dispute, because the court comes to its conclusion irrespective of the
26 government's reply.

judgment on the pleadings.  Rule 12(c) provides that "[a]fter the pleadings are closed—*but early enough not to delay trial*—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) (emphasis added).  Where the court grants a Rule 12(c) motion, the prevailing party obtains a final judgment in their favor.  Thus, Rule 12(c) was not intended to be a post-judgment remedy.  Here, the court has entered final judgment.  A Rule (12)(c) motion for judgment on the pleadings is therefore not appropriate.  The court will deny Plaintiff's motion for judgment on the pleadings.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Amend Judgment" (#13) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment on the Pleadings (#25) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#24) is hereby DENIED as moot.

IT IS SO ORDERED.

DATED this 6th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3